## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT DAVIS AND VERONICA WILLIAMS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN T.J., T.W., R.D., AND R.D.; LAKEISHA JOHNSON, INDIVIDUALLY AND ON BEHALF OF K.S., JR. AND D.R.; AND JAMEY D. JOHNSON, INDIVIDUALLY AND ON BEHALF OF J.J.; AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>VERSUS<br><br>OLIN CORPORATION, BLUE CUBE OPERATIONS LLC, AND THE DOW CHEMICAL COMPANY | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE: |

## **NOTICE OF REMOVAL**

Olin Corporation ("Olin") and Blue Cube Operations LLC ("Blue Cube"), defendants in the above-entitled and numbered cause, removes this matter to this Court and respectfully represents:

1.

On April 26, 2022, a "Petition for Damages—Class Action" was filed against Olin and The Dow Chemical Company ("Dow") in the 18th Judicial District Court, Parish of Iberville, State of Louisiana, bearing docket number 81,515 and entitled "Robert Davis and Veronica Williams, individually and on behalf of her minor children T.J., T.W.,

4862-3541-8659 v1

R.D., and R.D., individually and on behalf of all others similarly situated vs. Olin Corporation and The Dow Chemical Company." (hereinafter "Petition").

2.

On May 9, 2022, a "First Superseding and Amended Petition for Damages—Class Action," was filed naming additional plaintiffs—namely Lakeisha Johnson, individually and on behalf of K.S., Jr. and D.R.; and Jamey D. Johnson, individually and on behalf of J.J.—and adding Blue Cube as a defendant. ("Amended Petition").

3.

Olin and Blue Cube attach hereto a copy of the Petition (Ex. 1) and Amended Petition (Ex. 2), along with all of the process, pleadings and orders of which they are aware (Ex. 3).

4.

Plaintiffs allege that they are entitled to recover from defendants for damages caused by alleged exposure to a toxic substance, specifically chlorine, and as well as the fear, fright and inconvenience caused by the chemical release of chlorine.

5.

Olin was served with the Petition on May 10, 2022. Thus, the time within which Olin and Blue Cube are allowed to file this Notice of Removal has not elapsed.

## Jurisdiction and Removal Based Upon Diversity of Citizenship
## 28 U.S.C. § 1332(a) and § 1441

6.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds $75,000.00, per plaintiff, exclusive of interests and costs, and the suit is between citizens of different states and is, therefore, removable under the provisions of 28 U.S.C. § 1441, *et seq*.

7.

As alleged, plaintiffs, Robert Davis and Veronica Williams, individually and on behalf of her alleged minor children T.J., T.W., R.D., and R.D.; Lakeisha Johnson, individually and on behalf of K.S., Jr. and D.R.; and Jamey D. Johnson, individually and on behalf of J.J.; are now, and were at the time they filed the Petition and Amended Petition, citizens of the state of Louisiana (Amended Petition, p. 1, first unnumbered paragraph).

8.

Olin is now, and was at the time plaintiffs' Petition and Amended Petition were filed, a corporation organized under the laws of a state other than Louisiana with its principal place of business located outside the state of Louisiana. Specifically, Olin was not and is not a citizen of the State of Louisiana, but is and was a Virginia corporation with its principal place of business in the state of Missouri.

4862-3541-8659 v1

9.

Blue Cube is now, and was at the time plaintiffs' Petition and Amended Petition were filed, a limited liability company domiciled in a state other than Louisiana. Specifically, Blue Cube was not and is not a citizen of the State of Louisiana, but is and was a Delaware limited liability company with its principal place of business in the state of Missouri. Blue Cube's sole member is and was Blue Cube Holding LLC, which is and was a Delaware limited liability company with its principal place of business in the state of Missouri. Blue Cube Holding LLC sole member is and was Blue Cube Spinco LLC, which is and was a Delaware limited liability company with its principal place of business in the state of Missouri. Blue Cube Spinco's sole member is and was Olin Corporation. As stated above, Olin was not and is not a citizen of the State of Louisiana, but is and was a Virginia corporation with its principal place of business in the state of Missouri.

10.

Dow is now, and was at the time plaintiffs' Petition and Amended Petition were filed, a corporation organized under the laws of a state other than Louisiana with its principal place of business located outside the state of Louisiana. Specifically, Dow was not and is not a citizen of the State of Louisiana, but is and was a Delaware corporation with its principal place of business in the state of Michigan.

4862-3541-8659 v1

11.

Thus, there is complete diversity of citizenship between plaintiffs and the defendants.

### Amount in Controversy pursuant to 28 U.S.C. § 1332 (a)

12.

In a class action proceeding in which subject matter jurisdiction is based upon diversity under 28 U.S.C. § 1332(a), courts must determine whether the claims of the named class representatives—as opposed to claims of the putative class members—meet the requisite amount in controversy.

13.

Pursuant to article 893 of the Louisiana Code of Civil Procedure, plaintiffs' petition does not demand a specific amount of compensatory damages.

14.

As specifically permitted under La. Code of Civ. Pro. art. 863, plaintiffs do allege that the "individual claims [of the class members] do not exceed $75,000.00 exclusive of interest and costs." (Petition, ¶ 1; Amended Petition, ¶ 1). Despite such allegations, La. Code of Civ. Pro. art. 862 allows a court to render judgment greater than the relief requested; and, the amount in controversy as to the individual claims of the class members is not controlling as to jurisdiction and removal. Therefore, those allegations do

not defeat removal. *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 876 (5th Cir. 2002).

15.

The court is required to look to the nature of the claims and relief sought and, if necessary, to other evidence for the purpose of evaluating whether the amount in controversy has been satisfied. Considering plaintiffs' class action allegations, the nature of plaintiffs' alleged compensatory damages, and damages awarded in similar litigations, Olin and Blue Cube show that the amount in controversy exceeds $75,000, exclusive of interest and costs, as explained further below.

16.

Specifically, plaintiffs filed this action individually and on behalf of a purported class of "all residents of Iberville Parish, persons working within Iberville Parish, and other persons present within Iberville Parish, and who sustained direct injury or damages and/or whose daily activities or normal movement were impacted as the result of a chlorine release… that occurred on or about April 18, 2022" (Amended Petition, ¶ 1). Plaintiffs further allege that "[a]s a result of the chlorine release, certain roads were closed and the Plaintiffs, as well as other workers, residents, and persons in the vicinity, were ordered by the Iberville Parish Sheriff's Office to either shelter in place or remain confined to their places of employment or homes for a period of time." (Amended Petition, ¶ 7).

17.

Plaintiffs allege damages, which include physical injury in addition to mental anguish, fear and fright, as follows: "fear and fright associated with their potential exposure to chlorine; illness and injury as a result of their exposure to chlorine, including headaches, dizziness, sore throats, difficulty breathing, coughing, nausea, and other medical conditions that required treatment and/or hospitalization; and inconvenience by being confined to their places of employment or homes." (Amended Petition, ¶ 8). Plaintiffs further itemize the types of damages claimed:

a) Exposure to noxious fumes and odors;

b) Physical pain, suffering and injuries;

c) Past medical expenses;

d) Future medical expenses;

e) Emotional and physical distress;

f) Inconvenience, annoyance, and frustration; and

g) Other damages that will be shown at the trial of this matter.

(Amended Petition, ¶ 10).

18.

Olin and Blue Cube deny that chlorine was released in sufficient quantities to cause the physical injuries alleged, but plaintiffs' Petition and Amended Petition asserts physical injuries and squarely places such damages in controversy.

19.

Plaintiffs further allege that all requirements for class certification under La. Code of Civ. Pro. art. 591 are present, and specifically that "The large number of claimants present a level of numerosity better handled through the class action procedure as opposed to mass joinder of individual claims." (Amended Petition, ¶ 11(A)).

20.

While Olin and Blue Cube deny that class certification is appropriate as to plaintiffs' claims, Olin and Blue Cube do concede that on April 18, 2022 a shelter-in-place was ordered by the Iberville Parish Office of Emergency Planning ("OEP") for "all of the Plaquemine area" and that OEP's system attempted to provide notice of the shelter-in-place to 3,474 phone numbers and 858 individual text numbers. (Ex. 4; Affidavit of Stevey Sailors).

21.

The Fifth Circuit has recognized that Louisiana class action law presents a unique circumstance under which attorneys' fees may be taken into account in establishing that the jurisdictional amount has been satisfied. Pursuant to *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864 (5th Cir. 2002), attorneys' fees which may be awarded to the class representatives under La. Code of Civ. Pro. art. 595 may be aggregated for the purpose of determining amount in controversy under 28 U.S.C. § 1332. "Stated differently, when a putative Louisiana plaintiffs' class advances a cause of action, such as

tort or strict liability, for which Louisiana makes no separate provision for attorney's fees, the aggregate fee allowable under [ La. Code of Civ. Pro.] 595(A) shall be attributed entirely to the class representatives and included in calculating the amount in controversy." *Grant*, 309 F.3d, at 876-877. *See also: Gines v. Horton, Inc.*, 2009 W. L. 1916485 (M.D. La. 2009)(amount in controversy satisfied taking into account attorney fees); *Coltrin v. Rain CII Carbon, LLC*, 2012 W. L. 219419 (W.D. La. 1/24/12)(noting that possible recovery of attorney fees in Louisiana class action was sufficient to establish requisite amount in controversy).

22.

Olin and Blue Cube deny any and all liability to plaintiffs, including the putative class members, and Olin and Blue Cube deny that any plaintiffs or putative class members were damaged. Nevertheless, plaintiffs allege damages sufficient to establish the amount in controversy when aggregating the associated attorneys' fees which would be attributable to the class representatives under *Grant*.

23.

Pursuant to *Grant*, Olin and Blue Cube show that under a preponderance of the evidence the amount in controversy—not the amount actually due—including the aggregated attorneys' fees and costs attributable to the putative class representatives, for pursuing claims for a class claimed of "all residents of Iberville Parish, persons working within Iberville Parish, and other persons present within Iberville Parish, and who

sustained direct injury or damages and/or whose daily activities or normal movement were impacted as the result of a chlorine release" exceeds $75,000.

24.

Plaintiffs did not attach to their petition a binding and irrevocable stipulation waiving their rights and the rights of all proposed class members to seek or receive any amounts in excess of $75,000.00, exclusive of interest and costs, including all attorneys' fees or equitable relief.

25.

Additionally, pursuant to 28 U.S.C. Section 1367(a), this Court has supplemental jurisdiction over the claims of all other plaintiffs or any other members of the putative class as defined by the allegations set forth in plaintiffs' petition.

### **Consent of All Defendants Named and Served**

26.

Dow, the only other defendant to this action, consents to this removal (Ex. 5).

WHEREFORE, Olin Corporation and Blue Cube Operations LLC pray that this cause be removed to the Middle District of Louisiana, and that this Court take and assume full and complete jurisdiction, and that Olin Corporation and Blue Cube Operations LLC be granted such further relief as the Court may deem just and proper.

Respectfully submitted,

Erich P. Rapp (#18393)
erich.rapp@keanmiller.com
Jay M. Jalenak, Jr. (#20234) T.A.
jay.jalenak@keanmiller.com
Karli Glascock Johnson (#26304)
karli.johnson@keanmiller.com
Kean Miller LLP
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Attorneys for Olin Corporation and Blue Cube Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that promptly after the Notice of Removal was filed in this Court, a copy of the Notice of Removal and Notice of Automatic Stay were served upon plaintiff's counsel of record via email, namely:

>Eulis Simien, Jr., Bar # 12077
>Jimmy Simien, Bar # 1598
>Roy Bergeron, Jr., Bar #33726
>Simien & Simien, L.L.C.
>Attorneys and Counselors at Law
>7908 Wrenwood Boulevard
>Baton Rouge, Louisiana 70809
>Email: PleadingService@simien.com

and that a copy of the Notice of Removal and Notice of Automatic Stay were filed with the Clerk of the 18th Judicial District Court, Parish of Iberville, State of Louisiana, as required by 28 U.S.C. §1446(e).

Baton Rouge, Louisiana, this 8th day of June 2022.

*Attorneys for Olin Corporation and Blue Cube Operations, LLC*